IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ANTONIO LYNN FLUKER,        : Civil No. 3:25-CV-1833
                                      :
        Plaintiff,           :
                                        : (Judge Mariani)
        v.                :
                                        : (Chief Magistrate Judge Bloom)
EXPERIAN INFORMATION      :
SOLUTIONS, INC.,               :
                                      :
        Defendant.        :

REPORT AND RECOMMENDATION

I.  Introduction

This case comes before us for a screening review of the *pro se* plaintiff's complaint. The plaintiff, Antonio Lynn Fluker, is currently incarcerated in Federal Correctional Institution Schuylkill in Minersville, Pennsylvania.[1] His complaint alleges violations of the Fair Credit Reporting Act ("FCRA") by the defendant, Experian Information Solutions incorporated ("Experian").[2] Fluker alleges that Experian failed to investigate certain inaccurate items on his credit report, and failed to follow reasonable procedures to ensure the maximum possible accuracy

---

[1] Doc. 2.

[2] *See* Doc. 1.

of his credit report, in violation of 15 U.S.C. §§ 1681i(a) and 1681e(b), respectively.[3]

Fluker's complaint alleges that in June of 2025, while incarcerated, he began monitoring and reviewing his credit file and found fraudulent accounts and other apparent inaccuracies therein.[4]  He claims his file showed both allegedly fraudulent accounts which he did not initiate and unauthorized interactions with certain accounts that did belong to him.[5] He asserts that he alerted Experian to these issues in July of 2025, but that Experian failed to initiate an investigation into his claims.  Fluker alleges that he informed Experian he was incarcerated when certain accounts appeared in his file, which he implies is proof of the illegitimacy of those accounts.[6]  Fluker alleges that despite his reports, Experian "negligently and willfully" failed to conduct a reasonable reinvestigation as required by 15 U.S.C. § 1681i(a).[7]  Fluker claims that Experian failed to implement the necessary protections against fraudulent information

---

[3] *Id.*

[4] Doc. 1 at 6.

[5] *Id.*

[6] *Id.*

[7] *Id.*

reaching his credit report, in violation of 15 U.S.C. § 1681e(b).[8]    He

alleges these failures caused his credit score to be lowered by 150 points

or more.[9]   As relief, Fluker requests $50,000 in compensatory damages,

and $250,000 in punitive damages.[10]

Along with this complaint, Fluker filed a motion for leave to proceed

*in forma pauperis*.[11]   After consideration, we will grant the motion to

proceed *in forma pauperis*, and after a screening review, we recommend

that this complaint be served on Defendant, but with one claim therein

dismissed.

## II. Discussion

### A. Screening of *Pro Se* Complaints – Standard of Review

We have a statutory obligation to preliminarily review *pro se*

complaints brought by plaintiffs given leave to proceed *in forma*

*pauperis*.[12]   We review such complaints to determine whether there are

frivolous or malicious claims, or if the complaint fails to state a claim

---

[8] *Id.*

[9] *Id.*

[10] *Id.* at 4.

[11] Doc. 2.

[12] *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

upon which relief may be granted.[13]    This statutory preliminary screening mirrors review under Rule 12(b)(6) of the Federal Rules of Civil Procedure, which provides for dismissal of a complaint for "failure to state a claim upon which relief can be granted."[14]

With respect to this legal benchmark, under federal pleading standards a plaintiff is required to set forth a "short and plain statement of the claim showing that the pleader is entitled to relief."[15] In determining whether a complaint states a claim for relief under this pleading standard, a court must accept the factual allegations in the complaint as true[16] and accept "all reasonable inferences that can be drawn from them after construing them in the light most favorable to the non-movant."[17]    However, a court is not required to accept legal

---

[13] *Id.*

[14] Fed. R. Civ. P. 12(b)(6).

[15] Fed. R. Civ. P. 8(a)(2).

[16] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

[17] *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994).

conclusions or "a formulaic recitation of the elements of a cause of action."[18]

As the Third Circuit Court of Appeals has aptly summarized:

[A]fter *Iqbal*, when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. *Id.* Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." *Id.* at 1950. In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. *See Phillips*, 515 F.3d at 234–35. As the Supreme Court instructed in *Iqbal*, "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 129 S.Ct. at 1949. This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*[19]

Generally, when considering a motion to dismiss, a court relies on the complaint and its attached exhibits, as well as matters of public

---

[18] *Id.*; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").

[19] *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009).

record.[20]  A court can also consider "undisputedly authentic document[s] that a defendant attached as an exhibit to a motion to dismiss if the plaintiff's claims are based on the [attached] documents."[21]  Additionally, if the complaint relies on the contents of a document not physically attached to the complaint but whose authenticity is not in dispute, the court may consider such document in its determination.[22]  However, the court may not rely on any other part of the record when deciding a motion to dismiss.[23]

Finally, when reviewing a *pro se* complaint, we are reminded that such complaints are to be construed liberally, "so 'as to do substantial justice.'"[24]  We must apply the relevant law even if the *pro se* plaintiff does not mention it by name.[25]

---

[20] *Sands v. McCormick*, 502 F.3d 263, 268 (3d Cir. 2007).

[21] *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

[22] *See Pryor v. Nat'l Collegiate Athletic Ass'n*, 288 F.3d 548, 560 (3d Cir. 2002).

[23] *Jordan*, 20 F.3d at 1261.

[24] *Alston v. Parker*, 363 F.3d 229, 234 (3d Cir. 2004) (quoting Fed. R. Civ. P. 8(f)).

[25] *Dluhos v. Strasberg*, 321 F.3d 365, 369 (3d Cir. 2003) (citing *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002)).

## B. This Complaint Should be Partially Dismissed.

After review, we conclude that the complaint suffices to state a claim against the defendant for violation of Section 1681i but has not alleged sufficient facts to allege a violation of Section 1681e(b).

Section 1681i details the process by which a consumer can challenge apparently inaccurate information they discover in their credit file.  Where an individual alleges inaccuracies in their credit file, Section 1681i requires a credit reporting agency to "free of charge, conduct a reasonable investigation" to determine the accuracy of disputed information within 30 days of receiving notice of an alleged error.[26]  The credit reporting agency must give notice to the consumer as to the results of the investigation within five days of its completion.[27]  Separately, Section 1681e(b) imposes a broad duty on credit reporting agencies to "follow reasonable procedures to assure maximum possible accuracy" in an individual credit report.[28]

---

[26] 15 U.S.C. § 1681i(a)(1)(A).

[27] 15 U.S.C. §§ 1681i(a)(6)(A) and (B).

[28] 15 U.S.C. § 1681e(b).

The Third Circuit Court of Appeals has held that these two Sections of the FCRA are independently actionable, and that the burden of abiding by Section 1681i's requirements is born by credit reporting agencies.[29] The precise scope of the duty imposed by Section 1681i depends on "a number of factors," and the specific scope of that duty in a given instance is a consideration for the fact finder.[30]  Finally, to properly allege a violation of this section, a plaintiff must make a showing that the reported information was in fact inaccurate.[31]

In his complaint, Fluker alleges that he alerted Experian to purported inaccuracies in his credit report.[32]  He identified accounts that were wholly inaccurate, in that Fluker had not engaged with those parties at all, (and could not have, as he was incarcerated,) as well as acts alleged to show some unknown third party engaging with legitimate accounts.[33]  Fluker claims that he submitted supporting documentation

---

[29] *Cushman v. Trans Union Corp.*, 115 F.3d 220, 223-25 (3d Cir. 1997).

[30] *Id.* at 225-26.

[31] *Bibbs v. Trans Union LLC*, 43 F.4th 331, 344 (3d Cir. 2022).

[32] Doc. 1 at 6.

[33] *Id.*

to Experian.[34]  Section 1681i is clear that all that is required to trigger

Experian's duty to investigate is that information in a consumer's file "is

disputed by the consumer and the consumer notifies the agency."[35]

Fluker alleges that, despite notifying the agency of the dispute, Experian

failed to conduct an investigation.[36]  Fulker also alleges that he showed

Experian that he was incarcerated during the period in which certain

allegedly inaccurate accounts appeared on his report—liberally

construed, we find this sufficient to satisfy the requirement of a showing

of inaccuracy.  While Fluker does not explain how he could know there

was no investigation, even if Experian did conduct such investigation,

they apparently did not inform Fluker of its results as they were

obligated to do, which is sufficient on its own to show a violation.[37]  Thus,

liberally construed and accepting the plaintiff's allegations as true, we

conclude that Fluker has adequately pleaded facts from which we can

infer a violation of Section 1681i.

---

[34] *Id.*

[35] 15 U.S.C. § 1681i(a)(1)(A).

[36] Doc. 1 at 6.

[37] 15 U.S.C. § 1681i(a)(6)(A).

But Fluker's alleged violation of Section 1681e(b) runs afoul of Rule 8 of the Federal Rules of Civil Procedure and should be dismissed. Rule 8 dictates that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."[38] It is well established that "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—'that the pleader is entitled to relief.'"[39] A complaint must contain "more than unadorned, the-defendant-unlawfully-harmed-me accusation[s]."[40]

As discussed, Section 1681e imposes an obligation to "follow reasonable procedures" to ensure accuracy in credit reports.[41] Fluker's complaint does nothing to demonstrate Experian failed to follow reasonable procedures. Instead, the complaint appears to presume that, because Fluker perceives inaccurate information is in his credit file, such procedures must have been absent. This is a bare legal conclusion, supported by no fact. Accordingly, based on these allegations, we cannot

---

[38] Fed. R. Civ. P. 8(a)(2).

[39] *Fowler*, 578 F.3d at 211 (citations omitted).

[40] *Id.* (citing *Twombly*, 550 U.S. at 555).

[41] 15 U.S.C. § 1681e(b).

conclude that Fluker has shown more than a mere possibility of a Section 1681e violation, and so we conclude that the claim should be dismissed, without prejudice to Fluker's re-raising the claim by amending the complaint.

## III.  Recommendation

Accordingly, for the foregoing reasons, IT IS RECOMMENDED that the claim of a violation of 15 U.S.C. § 1681e(b) should be DISMISSED WITHOUT PREJUDICE.   IT IS FURTHER RECOMMENDED THAT the complaint should be served on the Defendant as to the claim that it violated 15 U.S.C. § 1681i.

The parties are further placed on notice that pursuant to Local Rule 72.3:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept,

reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 14th day of October 2025.

*s/ Daryl F. Bloom*
Daryl F. Bloom
Chief United States Magistrate Judge