IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ANTONIO LYNN FLUKER,                        :
                                            : CIVIL CASE NO. 3:25-CV-1833
        Plaintiff,                          :
                                            :
        v.                                  : (JUDGE MARIANI)
                                            : (Chief Magistrate Judge Bloom)
                                            :
EXPERIAN INFORMATION                        :
SOLUTIONS, INC., et al.,                    :
                                            :
        Defendants.                         :

## ORDER

AND NOW, THIS ___16th___ DAY OF MARCH 2026, upon *de novo* review of Chief

Magistrate Judge Daryl F. Bloom's Report and Recommendation ("R&R") (Doc. 7), Plaintiff's

objection thereto (Doc. 8), and all relevant documents, **IT IS HEREBY ORDERED THAT**:

1.  Plaintiff's objection (Doc. 8) is **SUSTAINED**.

    Plaintiff objects to the R&R's conclusion that his claim pursuant to 15 U.S.C. §
    1681e(b) should be dismissed because he has not presented sufficient facts
    to support the claim. (Doc. 8 at 1-2.) The Court agrees. Pursuant to 15
    U.S.C. § 1681e(b) which addresses "Accuracy of report," "[w]henever a
    consumer reporting agency prepares a consumer report it shall follow
    reasonable procedures to assure maximum possible accuracy of the
    information concerning the individual about whom the report relates." 15
    U.S.C. § 1681e(b). The R&R presents the following analysis of Plaintiff's §
    1681e claim:

        While Fluker seemingly attempts to cure the defect previously
        cited by supplementing his Section 1681e claim with additional

> factual allegations, the amended complaint again does nothing to demonstrate the defendants failed to follow reasonable procedures. Instead, the amended complaint appears to presume that, because Fluker's consumer report allegedly contained inaccurate information that was distributed to Synchrony Bank and other creditors, such procedures must have been absent. This is a bare legal conclusion, supported by no fact. Accordingly, based on these allegations, we cannot conclude that Fluker has shown more than a mere possibility of a Section 1681e violation, and so we conclude that the claim should be dismissed.

(Doc. 7 at 11.) Although the Court finds that Plaintiff's assertions on the issue of the reasonableness of the reporting procedures is speculative rather than factual, relevant caselaw suggests that Plaintiff's § 1681e(b) claim should be allowed to go forward. In considering a motion to dismiss a 15 U.S.C. § 1681e(b) claim pursuant to Federal Rule of Civil Procedure 12(b)(6), *Hutchinson v. Carco Grp., Inc.*, Civ. A. No. CV 15-1570, 2015 WL 5698283 (E.D. Pa. Sept. 29, 2015), assessed the appropriateness of a sparse pleading regarding procedures used by the defendant. The District Court stated that the defendant, Carco,

> correctly notes that the Complaint does not include any factual allegations concerning Carco's procedures, much less facts permitting us to assess the reasonableness of those procedures. Rather, the Complaint simply alleges that Plaintiff's consumer report contained inaccurate information, i.e., the 1996 felony conviction, and then baldly alleges that Carco failed to follow reasonable procedures to assure the maximum possible accuracy of that information.

2015 WL 5698283, at *5. The District Court then reasoned that,

> [i]n spite of these sparse allegations, we conclude that the Complaint's lack of specific facts on which to ground an

assessment of reasonableness is not fatal to Plaintiff's claims in light of the intensely factual nature of the reasonableness inquiry and the reality that all information regarding Carco's procedures for verifying information are within Carco's control. Moreover, in *Philbin* [*v. Trans Union Corp.*, 101 F.3d 957 (3d Cir.1996) (abrogation on other grounds recognized in *Cortez v. Trans Union, LLC*, 617 F.3d 688, 708 (3d Cir. 2010))][1] the Third Circuit specifically considered the plaintiff's burden of proof in connection with the reasonableness prong of a § 1681e(b) claim and allowed for the possibility that a plaintiff may establish his prima facie case as to that prong by establishing a mere inaccuracy, thereby leaving it to the defendant to establish that the procedures it used were reasonable. *Philbin*, 101 F.3d at 964-66 (citations omitted); *see also id.* at 965 (observing that the justification for such an approach is that inaccuracies are caused "by an instrumentality under the exclusive control of the defendant," and that "[s]uch a defendant is in a far better position to prove that reasonable procedures were followed than a plaintiff is to prove the opposite"); *Dively* [*v. Trans Union, LLC*, Civ. A. No. 11-3607, 2012 WL 246095, at *2 (citing *Philbin*, 101 F.3d at 964-66)]. If that burden of proof is to apply in this case, as it may, it would be illogical to require Plaintiff to plead additional facts in his Complaint that he will have no burden of proving at trial. Thus, we reject Carco's argument that Plaintiff has failed to state a claim upon which relief may be granted based on his failure to allege sufficient facts regarding the reasonableness of Carco's procedures.

*Hutchinson*, 2015 WL 5698283, at *5. Because the Magistrate Judge's screening procedure employed here pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) mirrors review under the Rule 12(b)(6) standard considered in *Hutchinson*, *see supra*, the Court will apply the reasoning set out therein to the situation

---

[1] As set out in *Cortez*, 617 F.3d at 718, 721 & n.39, the abrogation of *Philbin* is related to the standard for award of punitive damages based on willful violation of the statute pursuant to *Safeco Insurance Co. of America v. Burr*, 551 U.S. 47, 60, 69 (2007) (to prove a willful violation of the Fair Credit Reporting Act a consumer must prove that a consumer reporting agency either knowingly or recklessly violated the requirements of the Act).

3

here. Recognizing the "intensely factual nature of the reasonableness inquiry and the reality that all information regarding [Defendants'] procedures for verifying information are within [Defendants'] control," *see supra*, the Court concludes that Plaintiff's § 1681e(b) claim should go forward.

2. The R&R is **ADOPTED IN PART** for the reasons set forth therein and as discussed above.

3. Plaintiff's Amended Complaint (Doc. 5) goes forward as to his claims pursuant to 15 U.S.C. § 1681i and 15 U.S.C. § 1681e(b).

4. The above-captioned action is remanded to Chief Magistrate Judge Daryl F. Bloom for further proceedings.

Robert D. Mariani
United States District Judge