IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTONIO LYNN FLUKER,<br><br>Plaintiffs,<br><br>v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.,<br><br>Defendant. | : Civil No. 3:25-CV-1833<br>:<br>:<br>: (Judge Mariani)<br>:<br>: (Chief Magistrate Judge Bloom)<br>:<br>:<br>:<br>: |

## ORDER

The background of this Order is as follows:

The *pro se* prisoner-plaintiff, Antonio Fluker, filed this action against Experian Information Solutions, Inc. ("Experian") and Equifax Information Services, LLC ("Equifax"), alleging violations of the Fair Credit Reporting Act ("FCRA").[1] On May 26, 2026, the plaintiff settled his claims with Equifax, and the case proceeded against Experian.[2]

We have now received an emergency motion to quash a subpoena filed by a third party, Edward Zillan.[3] Zillan, who appears to have no connection to the plaintiff's claims against Experian, indicates that

---

[1] Doc. 1.
[2] *See* Docs. 21-22.
[3] Doc. 31.

Fluker served a subpoena on his banking institution, PNC Bank, N.A., requesting unredacted records concerning Zillan's "bank statements, deposits, checks, account and transaction histories, Social Security and employer identification numbers, dates of birth, driver's-license and government-identification information, email and physical addresses, employer information, loan materials, tax returns, invest-account information, contracts, and other highly sensitive records."[4] According to Zillan, he received notice from PNC Bank after the time of the state compliance deadline for production, and after speaking with defense counsel, learned that Fluker had not served notice of the subpoena on the defendant in violation of Federal Rule of Civil Procedure 45(a)(4).[5]

While we recognize that a motion to quash should typically be filed in "the court for the district where compliance is required[,]"[6] given the sensitive nature of the information requested and the fact that the compliance deadline has passed with notice by PNC to Zillan that it

---

[4] Doc. 31 at 2.
[5] *Id.* at 2-3.
[6] Fed. R. Civ. P. 45(d)(3).

intends to comply with the subpoena and produce responsive documents,[7] IT IS HEREBY ORDERED AS FOLLOWS:

1. Zillan's emergency motion to quash the subpoena is GRANTED.
2. Every subpoena or document demand issued by the plaintiff, Antonio Fluker, in this action that seeks records or information concerning Edward Paul Zillan is QUASHED. No recipient shall make any further production under such subpoena or demand.
3. The plaintiff is ORDERED that he shall not receive, open, access, download, review, use, copy, retain outside a preserved and inaccessible form, transmit, disclose, or disseminate any record or information concerning Mr. Zillan obtained through a subpoena or demand in this action.
4. The plaintiff is directed to SHOW CAUSE on or before September 28, 2026, and provide the following information to the court:
    a. Every subpoena or demand issued or caused to be issued in this action concerning Mr. Zillan;
    b. Every person or entity served;
    c. The date and manner of service;
    d. The requested place, email address, or method of production;
    e. Every production received;
    f. The date, manner, and destination of each production;
    g. Whether the plaintiff accessed, copied, transmitted, or disclosed any material; and

[7] Doc. 32-2.

h. The identity of every person to whom any material was disclosed.

5. PNC Bank, N.A. shall not make any further production concerning Mr. Zillan under the subpoena dated August 7, 2026. Within three business days after service of this Order, PNC shall provide the Court with an accounting identifying whether it produced anything, what it produced, when, by what method, to what physical or electronic destination, what personal identifiers were included, and what recall or access-restriction measures remain available. PNC shall preserve the exact production, transmittal records, intake records, authentication records, and communications concerning the subpoena.
6. The Warden, legal department, mailroom, records office, and electronic communications administrators at FCI Schuylkill shall not deliver or make accessible to the plaintiff any package, correspondence, electronic message, attachment, storage media, or records from PNC or any other financial institution that concerns Mr. Zillan or purports to respond to a subpoena or demand in this action. Any material already received shall be immediately segregated, preserved, and sequestered from the plaintiff pending further order. FCI Schuylkill shall notify the court within three business days of service of this order whether such material has been received and whether the plaintiff obtained access.
7. If the plaintiff already possesses any responsive material, he shall not destroy or alter it. He shall place all paper material in a sealed envelope marked "SEALED BY COURT ORDER-DO NOT ACCESS" and identify any electronic locations of any material to FCI Schuylkill staff

in order to maintain preservation and segregation consistent with this order.

8. The Clerk shall transmit a copy of this order to the Warden and Legal Department of FCI Schuylkill, P.O. Box 700, Minersville, PA 17954, and to PNC Bank, N.A., Legal Department.
9. This Order remains in effect notwithstanding dismissal or closure of the underlying action.
10. The Court retained jurisdiction to enforce this Order and protect information produced through discovery in this action.

So Ordered this 22nd day of September 2026.

*S/ Daryl F. Bloom*
Daryl F. Bloom
Chief United States Magistrate Judge